_____

PAUL LOGAN,

    Plaintiff,

v.

HARRAH'S ATLANTIC CITY
OPERATING COMPANY, LLC, d/b/a
HARRAH'S RESORT, et al.,

        Defendants.

_____

1:16-cv-03380-NLH-KMW

**OPINION**

**APPEARANCES:**

ALEX STEVEN CAPOZZI
EDWARD P. CAPOZZI
BRACH EICHLER LLC
101 EISENHOWER PKWY
ROSELAND, NJ 07068
    On behalf of Plaintiff

RUSSELL L. LICHTENSTEIN
JUSTIN BRITTON
COOPER LEVENSON PA
1125 ATLANTIC AVENUE
THIRD FLOOR
ATLANTIC CITY, NJ 08401-4891
    On behalf of Defendants

**HILLMAN, District Judge**

    Presently before the Court is Defendants' motion for

summary judgment on Plaintiff's claims arising out of a fall he

suffered on Defendants' premises.  Defendants' motion seeks to

bar the testimony of Plaintiff's expert, without whom, Defendant

argues, Plaintiff cannot prove liability.  For the reasons expressed below, Defendants' summary judgment motion will be denied.

**BACKGROUND**

On November 9, 2014, Plaintiff, Paul Logan, was a patron with a group of friends at Xhibition Bar in Defendant Harrah's Resort Atlantic City.  The group was seated at a table with chairs and a banquette sofa.  Behind the sofa was a ledge and closed curtains.  The group asked the waitress to take a photo of them, and Plaintiff got up from this chair to gather with the group behind the table.  In order to capture the entire group in the photo, the waitress asked them to squeeze together. Plaintiff attempted to lean onto the ledge behind the sofa and rest against the curtain, which he believed was covering a glass window.  There was no glass, however, and Plaintiff fell through the opening and was injured.

Plaintiff claims that Harrah's is liable for his injuries due to its negligence in maintaining a hazardous condition. Harrah's has moved for summary judgment on Plaintiff's negligence claim, arguing that the testimony of Plaintiff's liability expert should be barred under Federal Rule of Evidence 702[1] and the standard under <u>Daubert v. Merrell Dow Pharma.</u>, 509

---

[1]Rule 702 provides,

U.S. 579 (1993),[2] because his opinions are unreliable, not

supported by any scientific methodology, and therefore provide

no assistance to the jury.[3]  The premise for Harrah's argument is

> If scientific, technical, or other specialized
> knowledge will assist the trier of fact to understand
> the evidence or to determine a fact in issue, a
> witness qualified as an expert by knowledge, skill,
> experience, training, or education, may testify
> thereto in the form of an opinion or otherwise, if
> (1) the testimony is based upon sufficient facts or
> data, (2) the testimony is the product of reliable
> principles and methods, and (3) the witness has
> applied the principles and methods reliably to the
> facts of the case.

[2] In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579,
572 (1993), the Supreme Court instructed that a two-step
analysis should be used to assess the admissibility of the
proffered expert testimony on scientific issues under Rule 702.
The expert testimony must be reliable, so that it must be
"scientific," meaning grounded in the methods and procedures of
science, and it must constitute "knowledge," meaning something
more than subjective belief or unsupported speculation.
Daubert, 509 U.S. at 590.  Guideposts that the court may
consider in assessing the reliability of the proffered expert
testimony include, but are not limited to: (1) whether the
expert's methodology has been tested or is capable of being
tested; (2) whether the technique has been subjected to peer
review and publication; (3) the known and potential error rate
of the methodology; and (4) whether the technique has been
generally accepted in the proper scientific community.  Id. at
593-94; In re TMI Litig., 193 F.3d 613, 663-64 (3d Cir. 1999).
Ultimately, a court is required to act as a gatekeeper "to make
certain that an expert, whether basing testimony upon
professional studies or personal experience, employs in the
courtroom the practice of an expert in the relevant field."
Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

[3] Harrah's also seeks to bar Plaintiff's expert pursuant to
Federal Rule of Civil Procedure 26(a)(2)(B) because his report
does not contain "a complete statement of all opinions the
witness will express and the basis and reasons for them," and
"the facts or data considered by the witness in forming them."

that without the testimony of Plaintiff's proffered expert,

Plaintiff cannot establish that Harrah's breached the applicable

duty of care, thus entitling Harrah's to judgment in its favor.

Plaintiff has opposed Harrah's motion.  Plaintiff argues

that his expert meets the Rule 702 and <u>Daubert</u> standard.

Plaintiff also argues that Harrah's motion is premature and its

arguments should be advanced in a pre-trial motion in limine.

Plaintiff further argues that even if his expert is barred, he

has sufficient evidence and testimony from other sources to

permit his negligence claim to go to trial.

### DISCUSSION

### A.   Jurisdiction

This Court has jurisdiction over this matter pursuant to 28

U.S.C. § 1332 because there is complete diversity of citizenship

between the parties and the amount in controversy exceeds

$75,000.  Plaintiff is a citizen of New York.  Defendants are

citizens of New Jersey and Nevada.

---

Defendants' argument appears to be based on a one-inch
difference between a measurement in the expert's report ("couch
cushion measured approximately 16 inches above the carpeted
floor" and his deposition testimony (witness testified the couch
cushion to be 17 inches above the bar floor.)  The discrepancy
seems more fodder for cross-examination, for what its worth,
than it does an uncurable and prejudicial violation of Rule 26.
Nonetheless, Defendants may renew this argument in limine if
they renew their <u>Daubert</u> motion before trial.

**B.    Standard for Summary Judgment**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor."  Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has

met this burden, the nonmoving party must identify, by

affidavits or otherwise, specific facts showing that there is a

genuine issue for trial.  Id.  Thus, to withstand a properly

supported motion for summary judgment, the nonmoving party must

identify specific facts and affirmative evidence that contradict

those offered by the moving party.  Anderson, 477 U.S. at 256-

57.  A party opposing summary judgment must do more than just

rest upon mere allegations, general denials, or vague

statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir.

2001).

###    C.    Analysis

For a premises liability claim under New Jersey law,

> "[A] plaintiff must establish that defendant breached a
> duty of reasonable care, which constituted a proximate
> cause of plaintiff's injuries." Keith v. Truck Stops Corp.
> of Am., 909 F.2d 743, 745 (3d Cir. 1990).  "It is well
> recognized that the common law imposes a duty of care on
> business owners to maintain a safe premises for their
> business invitees because the law recognizes that an owner
> is in the best position to prevent harm." Stelluti v.
> Casapenn Enterprises, LLC, 1 A.3d 678, 691 (N.J. 2010).
> "Ordinarily an injured plaintiff asserting a breach of that
> duty must prove, as an element of the cause of action, that
> the defendant had actual or constructive knowledge of the
> dangerous condition that caused the accident." Nisivoccia
> v. Glass Gardens, Inc., 818 A.2d 314, 316 (N.J. 2003). . .
> . [A]n owner breaches his duty where he either has notice
> of a dangerous condition or if the condition existed for
> such a length of time that the owner should have known of
> the condition and fails to remediate the problem.

Romeo v. Harrah's Atlantic City Propco, LLC, 168 F. Supp. 3d

726, 731–32 (D.N.J. 2016).

Generally, the determination of whether a breach has occurred is a jury question. Filipowicz v. Diletto, 796 A.2d 296 (N.J. Super. Ct. App. Div. 2002). "It is the function of the jury to determine the condition of the property and the reasonableness of defendant's care." Id. Additionally, even though expert testimony may be an aid to a jury, it is not required for a premises liability claim. Finke v. Borgata Hotel, Casino & Spa, 2011 WL 2470592, at *6 (D.N.J. 2011) (citing Butler v. Acme Markets, Inc., 445 A.2d 1141, 1147 (N.J. 1982) ("As to the absence of expert testimony [in this premises liability case], except for malpractice cases, there is no general rule or policy requiring expert testimony as to the standard of care. . . . The test of need of expert testimony is whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the party was reasonable.")).

Here, Harrah's motion to bar the testimony of Plaintiff's expert does not support its request for summary judgment on Plaintiff's negligence claim. Plaintiff is not required to provide an expert to prove that Harrah's breached the standard of care, and therefore even if the Court barred Plaintiff's expert's testimony, Plaintiff's premises liability claim would still be viable. Thus, in order to warrant summary judgment in its favor, Harrah's must show the absence of genuine issues of

material fact as to whether it had actual or constructive knowledge of a dangerous condition. Harrah's has not done so in its current motion.

Separate from its arguments to bar Plaintiff's expert, Harrah's argues that it is entitled to summary judgment because the evidence shows that Harrah's did not breach its duty of care to Plaintiff. Harrah's contends:

> For several reasons, the undisputed material facts show that Plaintiff cannot make out his negligence claim. First, building codes such as the one applicable to the area in question set forth "what is safe" and the area complied with the applicable building codes. Therefore, no dangerous condition existed. Second, because the area was safe, Harrah's owed no duty to warn Plaintiff[.] [I]t was Plaintiff who decided to stand on top of a couch for purposes of taking a group photo which included him resting his body on the "steeply sloped 4" wide inverted wood triangle with a 3/8" wide metal rod edge projecting from its apex" that made up the bottom of the wall opening. Third, prior to sitting on this "steeply sloped ledge" and leaning backwards, Plaintiff made no effort to see if there was anything to lean against. Thus, it is submitted that Harrah's did not breach any duty owed to Plaintiff and it was Plaintiff's improper use of the area, not its configuration, which was the sole and proximate cause of the happening of this incident.

(Docket No. 34-2 at 19-20.)

This paragraph is insufficient to meet Harrah's burden on summary judgment. In its arguments to discredit Plaintiff's expert, Harrah's presents the applicable building code and Plaintiff's expert's measurements, and contends that simple math using Plaintiff's expert's measurements shows that the seating area complies with the code. (Docket No. 34-2 at 12-13.)

Harrah's, however, does not set forth affirmative evidence of its own to demonstrate that the seating area was safe and not a dangerous condition, which is required of Harrah's under Rule 56. Indeed, it would be incongruous for Harrah's to rely upon the testimony of the expert it seeks to disqualify to support its entitlement to judgment in its favor.

Moreover, evidence that an internal structure meets a building code, even if that were uncontested which it is not, could be some evidence that the defendant was not negligent. But such evidence would not, standing alone, resolve the issue of negligence. By way of example, a landowner may have built flooring in a public building to construction and code standards but that does give him a license to allow puddles of oil to sit all day on it until someone slips and falls. In sum, Harrah's has not shown an absence of material disputed facts regarding the presence of a dangerous condition for which it had a duty of care to correct.

Additionally, other than its own argument, Harrah's has not provided proof to show the absence of disputed fact as to Plaintiff's culpability for his fall. The Court cannot find as a matter of law based on Harrah's perception of Plaintiff's actions that Harrah's was not the proximate cause of Plaintiff's injuries. Whether Plaintiff should have known he could not lean on the curtain or that the curtains covered an opening are

matters for a jury to decide.

In short, Plaintiff is not required to present an expert to prove his premises liability claim, and Harrah's has not met its burden to show that Plaintiff's claim fails without one.[4] C.f. Coleman Enterprises Co. v. Scottsdale Insurance Company, 2017 WL 1224545, at *6 (D.N.J. 2017) (denying defendant's motion for summary judgment, which argued that plaintiff's breach of contract claim failed due to its unqualified expert, because plaintiff did not require an expert to prove its claim). The Court will therefore deny Harrah's motion for summary judgment.

The Court will also deny Harrah's request to bar Plaintiff's expert without prejudice. Should the case proceed to trial, which it will unless the parties privately resolve the matter, Harrah's may renew its objections to Plaintiff's expert at the appropriate time in a motion in limine.[5]

---

[4] Plaintiff argues that even without an expert he has sufficient evidence to present to the jury. Plaintiff contends that the testimony of the waitress confirms that her direction to the group to "squeeze in together" caused Plaintiff to get into a position that lead to his fall. Plaintiff also contends that the curtained area resembled a window and the curtains being closed concealed that there was no glass on the "window." Plaintiff argues that these facts show that Harrah's was negligent in placing curtains over an opening, giving the illusion that it was a glass window behind the curtains, which is a determination easily within the common knowledge of a jury.

[5] After the close of Plaintiff's case at trial, or at any time before the matter is given to the jury, Harrah's retains the option of moving for a directed verdict in its favor. See Fed. R. Civ. P. 50(a)(2) ("A motion for judgment as a matter of law

An order will be entered.

Date:  September 19, 2018            s/ Noel L. Hillman
                                      NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

may be made at any time before the case is submitted to the
jury.  The motion must specify the judgment sought and the law
and facts that entitle the movant to the judgment.").  The Court
may also enter judgment as a matter of law if it determines that
a reasonable jury would not have a legally sufficient
evidentiary basis to find for Plaintiff on his claim.  See Fed.
R. Civ. P. 50(a)(1) ("If a party has been fully heard on an
issue during a jury trial and the court finds that a reasonable
jury would not have a legally sufficient evidentiary basis to
find for the party on that issue, the court may: (A) resolve the
issue against the party; and (B) grant a motion for judgment as
a matter of law against the party on a claim or defense that,
under the controlling law, can be maintained or defeated only
with a favorable finding on that issue.").